**INTERCO INCORPORATED, Appellant,**

v.

**CARDINAL ACQUISITION CORPORA-TION; Cardinal Holdings Corporation; City Capital Associates Limited Partnership; City GP I, Inc., City GP II, Inc.; Steven M. Rales; Mitchell P. Rales; ASM Group, Inc.; Arthur M. Bylin, Appellees.**

No. 88–2463.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 6, 1988.

Decided Oct. 7, 1988.

John Michael Clear, St. Louis, Mo., for appellant.

Jim J. Schoemake, St. Louis, Mo., for appellees.

Before JOHN R. GIBSON, BOWMAN and WOLLMAN, Circuit Judges.

PER CURIAM.

Interco Incorporated appeals from orders of the district court [1] staying further consideration of Interco's complaint based on Cardinal Acquisition Corporation's failure to comply with margin requirements and its order denying the motion to vacate this stay and for a hearing on the motion for preliminary injunction. We affirm the orders of the district court.

Interco filed this action in the district court in the Eastern District of Missouri after Cardinal had filed actions in the state court in Delaware and in the United States District Court for the District of Delaware. Cardinal's actions in Delaware were filed on the same date that a 13D filing was made with the Securities and Exchange Commission announcing an acquisition of more than 5% of the outstanding common stock of Interco and the intention to pursue possible acquisition of the control of Interco. Interco now argues that when the

---

**1.** The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

action was filed in the United States District Court in Delaware there was no case or controversy as Interco did not then know of the 13D filing. We observe, however, that Interco did not raise this issue by motion or pleading in the district court in Delaware nor did they raise it in the district court in Missouri. Following the first order of the district court in the Eastern District of Missouri staying further consideration of Interco's claim, Interco filed a counterclaim in the action in the United States District Court in Delaware in which it asserted margin violations under the Williams Act, but did not assert a substantive claim under the margin requirement. The district court in Delaware held that it would not reach the merits of the margin claim because Interco did not have standing to raise the issue and would not be permitted to do so indirectly.

Interco is a Delaware corporation. Whether Cardinal's preferred stock is equity or debt is a close question. Interco's standing to assert substantive margin claims is also a close question.

Under these circumstances we cannot conclude that the district court in the Eastern District of Missouri abused its discretion in entering the stay and refusing to vacate it. We observe that the motion presented by Interco for a preliminary injunction and to vacate the stay was denied without prejudice. Our action in this case is without prejudice to Interco's right to raise the margin issue again before either the district court for the Eastern District of Missouri or the District of Delaware.

We granted expedited appeal in this case. We are aware of the time constraints imposed by Cardinal's tender offer, which it has voluntarily extended on at least two occasions prior to this date. These constraints make it inadvisable for us to issue a more fully reasoned opinion. These time constraints may be further considered by the district courts should Interco request further relief in either of those forums.